UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JACQUELINE CRAINE,<br><br>Plaintiff,<br><br>v.<br><br>CBOE GLOBAL MARKETS, INC.,<br><br>Defendant. | ) | Case No. 26-2046-AWM-GEB |

**ORDER**

The Court held a discovery hearing in this matter. Plaintiff appeared through counsel Chad Beaver and Lewis Galloway. Defendants appeared through counsel Leigh Frederick, Daniel Chandoin, and Jennifer Berhorst. During the conference, Plaintiff raised an Oral Motion to Compel ("Motion") **(ECF No. 61)**. After reviewing the parties' joint position statement, the discovery responses at issue, the conferral correspondence, relevant caselaw, and having heard the argument of counsel, the Court **grants in part and denies in part** Plaintiff's Motion.

First, regarding Category 1 – Interrogatory No. 7 and Request for Production Nos. 40-42, the Court finds Defendant has not waived its asserted attorney-client privilege or work product protection. Defendant shall produce a privilege log of any documents withheld or redacted on this basis by **September 4, 2026**. Should Plaintiff's claim regarding violation of the Sarbanes-Oxley Act survive Defendant's Motion to Dismiss and Defendant raise an affirmative defense regarding the adequacy of their investigation;

Plaintiff may file any motion to compel within 30-days of Defendant filing its Answer, after requesting a pre-motion conference.

Second, regarding Category 2 – Request for Production No. 22, the Court overrules Defendant's relevance objection. Defendant shall produce the work calendars of Michael Werling, Jim Enstrom, and Timothy Ahlborn for the period of July 1, 2024 through January 31, 2025 maintained on their work devices no later than **September 9, 2026**. The parties are encouraged to confer regarding amendment of the Protective Order to add an Attorneys' Eyes Only designation, as necessary.

Third, regarding Category 3 - Request for Production Nos. 34 and 35, the Court overrules Defendant's relevance, unreasonably cumulative or duplicative, and vagueness objections, with the following qualification. The language "affecting numerous CBOE customers" shall be omitted from both requests. The Court sustains Defendant's overbreadth objection, but finds the limited temporal scope of July 26, 2021 through January 30, 2025 agreed to regarding other requests is also appropriate here. And, regarding Request for Production No. 35, the Court limits the production of documents generated by KPMG to those which are maintained in Defendant's files. Defendant shall produce responsive, non-privileged documents no later than **September 9, 2026** and shall produce a privilege log by the same date for any documents withheld or redacted on the basis of attorney-client privilege or work product production.

Fourth, the Court has provided Plaintiff with two prior extensions of time to move to compel all issues related to her First Set of Interrogatories and First Set of Requests for

Production. In the Court's August 11, 2026 Order (ECF No. 55), Plaintiff was warned the Court was not inclined to further extend the deadline beyond September 4, 2026. The undersigned was surprised to learn the parties were conferring regarding three additional discovery disputes which had not been raised for discussion at today's conference. The Court reiterated it was not inclined to extend the deadline. After discussion and admonition, the parties shall continue to confer regarding these remaining issues. Defendant shall produce its ESI production, internal documents from a SharePoint drive, and 4 to 5 categories documents Defendant previously agreed to produce no later than **September 4, 2026**.

Fifth, a Status Conference regarding completion of discovery pursuant to Plaintiff's First Set of Interrogatories and First Set of Requests for Production is set for **September 2, 2026 at 11:00 a.m. via Zoom**. If the parties have resolved all remaining discovery disputes related to Plaintiff's opening discovery, the parties shall contact the undersigned's chambers to advise the conference is no longer necessary.

Sixth, after addressing the parties' discovery disputes, the Court and parties briefly addressed the current schedule. The parties agree an early mediation would potentially be beneficial. The parties shall file a joint mediation notice by **September 9, 2026**.

As set forth above, **IT IS THEREFORE ORDERED** Plaintiff's Oral Motion to Compel **(ECF No. 61)** is **granted in part and denied in part**. Defendant shall complete its production and submission of any privilege log by the deadlines set forth herein.

**IT IS FURTHER ORDERED** a Status Conference before the undersigned is set for **September 2, 2026 at 11:00 a.m. via Zoom**. And the parties shall file a joint mediation notice by **September 9, 2026**.

**IT IS SO ORDERED**.

Dated this 19th day of August, 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge